UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRADLEY LEE WINTERS, ) | CASE NO. 4:14 CV 1142 |
| ) | |
| Petitioner, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| FCI ELKTON WARDEN, ) | AND ORDER |
| ) | |
| Respondent. ) | |

*Pro se* Petitioner Bradley Lee Winters filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Federal Correctional Institution, having been convicted in 2009 in the United States District Court for the Southern District of Iowa of conspiracy to distribute a controlled substance (methamphetamine) and possession with intent to sell, distribute or dispense methamphetamine. In his Petition, Winters asserts three grounds for relief: (1) he was denied access to the courts because he was not permitted to raise certain claims in his defense; (2) he was denied his Sixth Amendment right to the effective assistance of counsel; and (3) he was denied due process because the government used perjured testimony to obtain his conviction. He asks this Court to reverse his conviction, vacate the judgment and dismiss the charges with prejudice.

## I. Procedural Background

Petitioner was indicted on two counts of drug-related charges in the United States District Court for the Southern District of Iowa in April 2006. *See United States v. Winters*, No. 4:06-cr-00055-RP (S.D. Iowa Mar. 18, 2009). He was convicted by a jury and sentenced on March 19, 2009 to 360 months on each count to run concurrently. He appealed his conviction to the United States

Eighth Circuit Court of Appeals. His conviction was affirmed April 7, 2010.

Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on November 2, 2010. The District Court denied the Motion on April 4, 2012. He appealed that decision to the Eighth Circuit on April 18, 2012. The Eighth Circuit upheld the District Court's denial of the Motion on June 18, 2013. He attempted to appeal that decision to the Supreme Court of the United States, but his Petition for a Writ of Certiorari was denied on October 16, 2014.

In the interim, Petitioner filed a "Federal Question to Court" on October 30, 2013 in the District Court claiming federal agents committed a fraud on the court. The District Court denied the Motion, stating he raised that issue at trial, on direct appeal, and in his § 2255 Motion. He also filed a Motion to Dismiss. The District denied the Motion on June 10, 2014. He appealed that decision to the Eighth Circuit. That appeal is still pending.

Petitioner has now filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting three grounds for relief. First, he claims he was denied access to the courts. He contends the trial court would not permit him to raise claims of fraud on the court, suborned perjury, and obstructed justice. Second, he claims he was denied the effective assistance of counsel at his trial because his counsel would not assert his claims of fraudulent testimony and perjury by the government's witnesses. Third, he asserts he was denied due process because the court permitted the government to present perjured testimony. He asks that this Court reverse the decision of the Iowa District Court, vacate that judgment of conviction, and dismiss the charges brought against him in that Court with prejudice.

## II.   Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the

district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243)

### III. Discussion

A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition under §2241 may be used by a federal prisoner only to challenge the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Each of these statutes provides its own type of relief, and for this reason, they are not interchangeable.

Section 2255(e) provides a narrow exception to this rule, permitting a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under § 2255 is or was "inadequate or ineffective" to test the legality of his detention. A prisoner may take advantage of this provision only when, after his conviction has become final, the Supreme Court re-interprets the

terms of the statute under which Petitioner was convicted and by this interpretation excludes Petitioner's actions as a violation of the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241"). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, whether by direct appeal or by motion under Section 2255, or where he did assert his claim in an earlier motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). To invoke the savings clause, Petitioner therefore must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after Petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent motions; (3) which is retroactive; and (4) which applies to the merits of the Petition to make it more likely than not no reasonable juror would have convicted him. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Petitioner is challenging his conviction. He therefore cannot proceed under Section 2241 unless he can demonstrate that the savings clause of Section 2255 applies to his case. Petitioner claims he should be permitted to pursue his claims in a 2241 petition because his remedy under Section 2255 was ineffective to test the legality of his conviction. He asserts he raised these claims in a Section 2255 Motion and was denied the "opportunity for judicial rectification of fundamental defects in his conviction." (Doc. No. 1-2 at 6). He filed a direct appeal and raised the question of fraudulent testimony. The Eighth Circuit affirmed his conviction. He filed a Motion to Vacate under 28 U.S.C. § 2255 raising this issue. The District Court denied the Motion. He appealed that

decision raising this same issue and once again the Eighth Circuit affirmed the District Court decision. Petitioner cites to no intervening change in the law that occurred after his time to file a direct appeal or § 2255 motion expired. Contrary to his assertion, his remedy under § 2255 is not inadequate or ineffective simply because he was denied relief under that statute. *Charles*, 180 F.3d at 756. The savings clause does not apply to this case and Petitioner cannot challenge his conviction or sentence in a § 2241 Petition.

## IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: November 10, 2014  */s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE